**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **JORDAN WILLAM DONALDSON,** | CASE NO. 3:26 CV 853 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **UNITED STATES OF AMERICA,** | **MEMORANDUM OPINION AND** |
| Defendant. | **ORDER** |

### BACKGROUND

*Pro se* Plaintiff Jordan William Donaldson has filed a civil complaint in this case against the United States of America. (Doc. 1). His Complaint does not set forth cogent factual allegations or legal claims. In its entirety, his statement of claim simply states: "wissle blow[e]r." *Id*. at 4, III. No other allegations are set forth in his pleading. However, he attached a letter to his complaint addressed to him from United States Representative Marcy Kaptur, in which Representative Kaptur apparently responds to an inquiry Plaintiff made regarding violence faced by Israelis and Palestinians. (Doc. 1-2). And on the back of the civil cover sheet Plaintiff submitted with his Complaint, he states he "gave . . . info" to Edward Snowden and has the right to be protected as a whistle blower. (Doc. 1-1, at 2). The relief he seeks is unclear.

Plaintiff did not pay the filing fee in the case, but instead filed a Motion to Proceed *in forma pauperis*. (Doc. 2). That Motion is granted. For the following reasons, Plaintiff's Complaint is dismissed.

### STANDARD OF REVIEW

Although *pro se* complaints are entitled to liberal construction and generally held to more lenient standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982), "the lenient treatment generally accorded *pro se* litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet still basic pleading requirements, and courts are not required to "conjure allegations" or construct claims on their behalf. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals of *pro se* complaints under 28 U.S.C. § 1915(e)(2)(B)). Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendant "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### DISCUSSION

Upon review, the Court finds that Plaintiff's Complaint warrants dismissal pursuant to § 1915(e)(2)(B). Even affording the Complaint the deference to which a *pro se* pleading is entitled, it fails to satisfy basic federal notice pleading requirements or set forth coherent allegations that would support a valid legal claim against the United States. *See Lillard v. Shelby Cnty. Bd. of*

*Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (holding a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint state a claim for relief). Plaintiff does not identify any specific statute under which he may bring a suit against the United States, which, as sovereign, is immune from suit unless it specifically consents thereto. *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). Further, Plaintiff's unclear assertions fall within the realm of frivolousness. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding dismissal is appropriate when the "facts alleged rise to the level of the irrational or the wholly incredible").

### CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Complaint be, and the same hereby is, DISMISSED pursuant to § 1915(e)(2)(B); and it is

FURTHER CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2026

3